**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| In re: | § | Case No. 12-28536-DRC |
|---|---|---|
| | § | |
| MARY G FELLMER | § | |
| | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATION FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that David E. Grochocinski, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Clerk of U.S. Bankruptcy Court, 219 Dearborn Street, Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final report, must file a written objection within 20 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at  on 8/23/2013, at 9:30 A.M.  in Courtroom 4016, United States Courthouse, DuPage County Courthouse, 505 N. County Farm Road, DuPage, IL 60187. If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed:   07/12/2013                    By:   /s/ David E. Grochocinski
                                                   (Trustee)

David E. Grochocinski
1900 Ravinia Place
Orland Park, IL, 60462

UST Form 101-7-NFR (10/1/2010)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 12-28536-DRC |
| | § | |
| MARY G FELLMER | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of* $160,000.00
*and approved disbursements of* $118,692.93
*leaving a balance on hand of[1]:* $41,307.07

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors: $0.00
Remaining balance: $41,307.07

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David E. Grochocinski, Trustee Fees | $10,500.00 | $0.00 | $10,500.00 |
| David E. Grochocinski, Trustee Expenses | $559.96 | $0.00 | $559.96 |
| InnovaLaw, PC, Attorney for Trustee Fees | $3,112.50 | $0.00 | $3,112.50 |
| InnovaLaw, PC, Attorney for Trustee Expenses | $39.20 | $0.00 | $39.20 |
| Scott Horewitch Pidgeon & Abrams, LLC, Accountant for Trustee Fees | $1,981.00 | $0.00 | $1,981.00 |

Total to be paid for chapter 7 administrative expenses: $16,192.66
Remaining balance: $25,114.41

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

|  | Total to be paid to prior chapter administrative expenses: | $0.00 |
|---|---|---|
|  | Remaining balance: | $25,114.41 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

|  | Total to be paid to priority claims: | $0.00 |
|---|---|---|
|  | Remaining balance: | $25,114.41 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $9,692.56 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | PYOD, LLC its successors and assigns as assignee | $1,740.26 | $0.00 | $1,740.26 |
| 2 | Quantum3 Group LLC as agent for | $310.42 | $0.00 | $310.42 |
| 3 | Capital One, N.A. | $1,921.38 | $0.00 | $1,921.38 |
| 5 | Portfolio Recovery Associates, LLC | $4,856.04 | $0.00 | $4,856.04 |
| 6 | Portfolio Investments II LLC | $864.46 | $0.00 | $864.46 |

|  | Total to be paid to timely general unsecured claims: | $9,692.56 |
|---|---|---|
|  | Remaining balance: | $15,421.85 |

Tardily filed claims of general (unsecured) creditors totaling $20,086.92 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 76.8 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim | Claimant | Allowed Amt. | Interim | Proposed |
|---|---|---|---|---|

**UST Form 101-7-NFR (10/1/2010)**

| No. | | of Claim | Payments to Date | Amount |
|---|---|---|---|---|
| 7 | Chase Bank USA, N.A. | $4,049.42 | $0.00 | $3,108.97 |
| 8 | Chase Bank USA, N.A. | $16,037.50 | $0.00 | $12,312.88 |

|  |  |
|---|---|
| Total to be paid to tardily filed general unsecured claims: | $15,421.85 |
| Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

Prepared By:  /s/ David E. Grochocinski
              Trustee

David E. Grochocinski
1900 Ravinia Place
Orland Park, IL, 60462

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**